OSCN Found Document:STATE EX REL. OKLAHOMA BAR ASSOCIATION v. BEDFORD

 

 
 

 
 STATE EX REL. OKLAHOMA BAR ASSOCIATION v. BEDFORD
2018 OK 63
Case Number: SCBD-6677
Decided: 09/10/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 63, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA EX REL. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
ERNIE BEDFORD, Respondent.

ORDER APPROVING RESIGNATION 
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

Â¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association ("OBA") has presented the Court with an application to approve the resignation of Ernie Bedford ("Respondent"), from membership in the OBA. On August 16, 2018, Respondent filed his Affidavit of Resignation Pending Disciplinary Proceedings as set forth in Rule 8.1 of the Rules Governing Disciplinary Proceedings ("RGDP").[1] Therein, Respondent requested that he be allowed to resign his membership in the OBA and relinquish his right to practice law. The OBA filed its Application for Order Approving Resignation simultaneously with the affidavit. The application and accompanying affidavit reflect the following:

(A) Respondent's affidavit of resignation pending disciplinary proceedings was freely and voluntarily executed; the affidavit was not secured by subjecting Respondent to duress or coercion; and Respondent was aware of the consequences associated with submission of his resignation.

(B) Respondent acknowledged that his resignation is subject to approval by the Oklahoma Supreme Court. Notwithstanding, Respondent agreed to conduct himself as if the resignation was immediate, and he has surrendered his membership card to the OBA.

(C) Respondent attested to having personal knowledge of a grievance received by the OBA. Respondent's affidavit expressed his understanding that the OBA had initiated an investigation for the following matter:

DC 18-85 -- Respondent is alleged to have improperly utilized a notary public stamp and seal issued to L.E.M. to notarize (1) a release of mortgage filed with the Tulsa County Clerk on or about August 15, 2017; and (2) seven client verifications associated with pleadings filed with the Tulsa County Court Clerk;[2]

Â 

(D) Respondent has waived any and all right to contest the OBA allegations created by the pending grievance investigations.

(E) Respondent states that he has familiarized himself with RGDP Rule 9.1, and has agreed to comply with the requirements therein within twenty (20) days following approval of his tendered resignation.[3]

Â 

(F) Respondent recognizes that he may only be reinstated to the practice of law after full compliance with the terms and procedures outlined by RGDP Rule 11. Respondent has also acknowledged that no application for reinstatement may be presented prior to five (5) years from the effective date of this order approving his resignation.

(G) Respondent's official roster address as shown from the affidavit and OBA records is Ernie Bedford, OBA # 651, P.O. Box 100, Addison, Texas 75001-0100.

(H) The OBA has not asserted that Respondent's conduct resulted in payment of monies from the Client Security Fund. Nevertheless, should the OBA receive, approve and pay any claims in the future, Respondent has agreed to reimburse the OBA for any such claims. Any and all reimbursements shall be paid to the OBA, prior to filing an application for reinstatement, including the principal amounts and applicable statutory interest expended by the Client Security Fund.

Â¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the voluntary resignation of Ernie Bedford, pending disciplinary proceedings, should be approved and shall be effective upon the filing of this order in the Office of the Clerk of the Oklahoma Supreme Court.

Â¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the name of Ernie Bedford shall be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order.

Â¶4 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondent shall comply with RGDP Rule 9.1 by notifying each of his clients having pending legal business of the need to promptly retain new legal counsel; filing a formal withdrawal from all cases pending before any tribunal; submitting the required affidavits attesting to compliance with Rule 9.1, together with a list of all clients notified; and presenting this Court with a list of any court or administrative body where the attorney was admitted to practice.

Â¶5 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

Â¶6 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any costs associated with the OBA's investigation and this proceeding have been waived.

Â¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 10th day of September, 2018.

/S/CHIEF JUSTICE

Combs, C.J., Gurich, V.C.J., Kauger, Winchester, Edmondson, Colbert, Wyrick, Darby, JJ., concur.

Reif, J., not participating.

FOOTNOTES

[1] 5 O.S.2011, ch. 1, app. 1-A.

[2] Although Respondent alleges he was given permission to use the notary stamp/seal, L.E.M. was admittedly not present at the time the documents were executed. Respondent apparently had previously been a notary public; however his own commission had expired when the transactions took place.

[3] RGDP Rule 9.1 provides:

When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement. (Emphasis added).